UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT PAUL JONES,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF BREMERTON, et al.,<br><br>            Defendants. | CASE NO. C13-5916 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Kitsap County's (County) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On October 15, 2013, Plaintiff Robert Paul Jones ("Jones") filed his complaint against multiple defendants including the County for actions occurring at the Kitsap County Correctional Facility on or between the dates of October 15, 2010 and October 18, 2010. Dkt. 1. It is undisputed that the County was served within 120 days of the filing of the complaint.

ORDER - 1

1    On February 20, 2014, the County filed the instant motion to dismiss. Dkt. 8. On

2 March 13, 2014, Jones filed a reply in opposition. Dkt. 10. On March 14, 2014, the

3 County filed a reply and a motion to strike Jones's untimely response. Dkt. 12. On

4 March 14, 2014, Jones filed objections to the County's reply, a surreply in opposition to

5 its motion to dismiss and its motion to strike. Dkt. 13.

6                                **II. DISCUSSION**

7    The County argues that all Jones's federal causes of action against it are governed

8 by the Washington State statute of limitations for personal injury actions,[1] which requires

9 that an action be commenced within three years. Dkt. 8 at 3. Similarly, the County

10 maintains that "[q]uestions regarding the tolling of such limitations period are …

11 governed by State law." Dkt. 8 at 3 (*citing* RCW 4.16.170). The County argues that

12 RCW 4.16.170 requires that Jones effectuate service for the purpose of tolling the statute

13 of limitations within ninety days of filing the complaint. *Id.* at 3-4. Because Jones failed

14 to serve the summons and complaint upon the County within the requisite period, it

15 argues that the statue of limitations has expired. *Id*. at 4. Therefore, it contends that

16 Jones's claims against the County should be dismissed. *Id*.

17   Jones does not dispute that the Washington State law regarding the statute of

18 limitations for personal injury actions governs his federal claims against the County.

19 Dkt. 10 at 1. However, Jones essentially argues that RCW 4.16.170 does not govern the

20 ―――――――――――――――

21 [1] *See Lucchesi v. Bar-O Boys Ranch,* 353 F.3d 691, 694 (9th Cir. 2003) (*citing Wilson v. Garcia*, 471 U.S. 261, 269 (1985) (using state statute of limitation for federal causes of action which do not have a limitations period, such as 42 U.S.C. §§ 1983).

22

1 time for service in federal court and is inapplicable to this case. *Id*. at 1-2. Instead, he

2 maintains that his action was timely commenced pursuant to Fed. R. Civ. P. 3, when he

3 filed his complaint. *Id*. at 1. Additionally, Jones maintains that Fed. R. Civ. P. 4(m)

4 governs the time for service of a summons and complaint in federal court, which requires

5 the service to be effectuated within 120 days of filing the complaint. *Id.* at 2. Jones

6 maintains that he satisfied the latter requirement, and his case against the County should

7 not be dismissed. *Id.*

8 RCW 4.16.170 reads in its entirety:

9 For the purpose of tolling any statute of limitations an action shall be
deemed commenced when the complaint is filed or summons is served
10 whichever occurs first. If service has not been had on the defendant prior to
the filing of the complaint, the plaintiff shall cause one or more of the
11 defendants to be served personally, or commence service by publication
within ninety days from the date of filing the complaint. If the action is
12 commenced by service on one or more of the defendants or by publication,
the plaintiff shall file the summons and complaint within ninety days from
13 the date of service. If following service, the complaint is not so filed, or
following filing, service is not so made, the action shall be deemed to not
14 have been commenced for purposes of tolling the statute of limitations.

15 RCW 4.16.170 is substantive Washington State law setting forth the requirements for

16 when an action is commenced solely for the purposes of tolling the statute of limitations.

17 Although Fed. R. Civ. P. 3 provides that "[a] civil action is commenced by filing a

18 complaint with the court," there is no indication that this rule was intended to toll the

19 statute of limitations for the purposes of federal causes of action which are governed by a

20 state statute of limitations. *See* 4.C. Wright & A. Miller, *Federal Practice and Procedure*

21 § 1057, p.9 (1969).

22

1  The parties agree that Washington State law controls for the purposes of
2 establishing the three year statute of limitations for Jones's causes of action against the
3 County.  Here, there is no dispute that Jones filed his complaint with the Court on
4 October 15, 2013. Nor is there a dispute that he served his summons and complaint on the
5 County within 120 days after filing his complaint, rather than within the ninety days
6 required to toll the statute of limitations for causes of action governed by Washington
7 State law.  Jones's causes of action against the County were not timely commenced for
8 the purposes of tolling the statute of limitations. Therefore, the statute of limitations bars
9 suit against the County.

10  The County's motion to strike Jones's untimely response is denied; even without
11 his response, the Court would have read the authorities he cited.

### III. ORDER

13  Therefore, it is hereby **ORDERED** that the County's motion to dismiss (Dkt. 8) is
14 **GRANTED**.

15  Dated this 25th day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge